McDONALD, J., dissenting in part, in which BATTAGLIA, J., joins.
In applying an “abuse of discretion” standard, this Court has often said that an abuse of discretion occurs “where no *54 reasonable person would take the view adopted by the [trial] court, or when the court acts without reference to any guiding rules or principles ... when [the decision] is well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable.” E.g., Nash v. State, 439 Md. 53, 67, 94 A.3d 23 (2014) (quoting North v. North, 102 Md.App. 1, 648 A.2d 1025 (1994)) (internal citations and quotation marks omitted).
When a trial court ruling is assessed on an abuse of discretion standard, this means that there is not necessarily one right answer, nor is the trial court required to come up the best answer or the answer preferred by the appellate court.
If the Circuit Court in this case had determined that expert testimony by Dr. Sundel on medical causation would be of assistance to the jury and that Dr. Sundel was qualified to provide such testimony for the reasons set forth in the Majority opinion, I would have concluded that the court had not abused its discretion.
But that does not mean that Circuit Court abused its discretion in coming to a different conclusion. The Circuit Court carefully considered very recent appellate decisions concerning expert witnesses in lead paint cases, including one in which the Court of Special Appeals specifically held that Dr. Sundel was not qualified to testify as an expert on medical causation.[1] The Circuit Court did not blindly adopt the conclusion of the intermediate appellate court, but explicitly assessed the asserted additions to Dr. Sundel’s qualifications since the prior case and the fact that he still had no hands-on experience with victims of lead paint poisoning in deciding to apply the holding of the Court of Special Appeals.
I do not believe it was an abuse of discretion for the Circuit Court to conclude that the enhancements in Dr. Sundel’s qualifications from the prior case—his longer reading list and his apparently better preparation for pre-trial depositions— *55 did not convert him into a qualified expert on medical causation in this case. It cannot be said that “no reasonable person” would take that view, that the court acted without reference to any guiding principles, or that its answer was “beyond the fringe” of what would be minimally acceptable.
In my view, the answer provided by the Majority opinion as to whether Dr. Sundel should be allowed to testify on medical causation in lead paint cases is probably the better answer, but that does not mean that the Circuit Court here abused its discretion in ruling as it did. Indeed, it seems odd to hold that a Circuit Court “abused its discretion” by following a very recent appellate decision precisely on point.
This case may illustrate the tension that an appellate court faces when it seeks to provide guidance for the future by indicating a better answer and its limited role when applying an abuse of discretion standard.
Judge BATTAGLIA advises that she joins this dissent.

. City Homes, Inc. v. Hazelwood, 210 Md.App. 615, 63 A.3d 713 (2013).